IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,                                         ORDER

          v.                                                    08-cr-159-bbc-7

CHRISTIFER J. SONNENBERG,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Christifer L. Sonnenberg's supervised release was held on February 26, 2015, before U.S. District Judge Barbara B. Crabb.  The government appeared by U.S. Attorney John W. Vaudreuil. Defendant was present in person and by counsel, Jeffrey W. Nichols.  Also present was Senior U.S. Probation Officer Traci Jacobs.

From the record and the parties' stipulation, I make the following findings of fact.


FACTS

Defendant was sentenced in the Western District of Wisconsin on May 8, 2009, following his conviction for possession with intent to distribute cocaine base (crack cocaine), a Schedule II controlled substance, in violation of 18 U.S.C. § 841(a)(1).  This offense is a

Class C felony.  Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 65 months to be followed by  a three-year term of supervised release.

Defendant began his first term of supervision on September 14, 2012.  On May 9, 2013, his supervision was revoked after he violated the terms of supervision by leaving the district without permission.  He failed to remain in contact with his probation officer and absconded to Red Lake, Minnesota.  Defendant was sentenced to three months' imprisonment with 30 months' supervised release to follow.

Defendant began his second term of supervised release on June 28, 2013.  On April 9, 2014, his supervision was revoked after he violated the terms of supervision by failing to report a change in residence, leaving the district without permission, consuming alcohol and illegal drugs and failing to submit monthly report forms.  Defendant was sentenced to ten months' imprisonment with 23 months' supervised release to follow.

On December 8, 2014, defendant began his current term of supervised release.

On January 4, 2015, defendant violated Special Condition No. 7 of his conditions of supervised release requiring him to abstain from the use of alcohol and illegal drugs, when he drank alcohol and smoked marijuana, as he  admitted to his probation officer on January 5, 2015.  On January 16, 2015, defendant's conditions of supervised release were modified to require him to participate in a 90-day term of home confinement. On February 6, 2015, he admitted to his probation officer that he had smoked marijuana again on

2

February 2, 2015 and had consumed alcohol on February 4, 2015.

On February 1, 2015, defendant violated Standard Condition No. 6 of his conditions requiring him to report a change in residence and Special Condition No. 10 requiring him to participate in a home detention program when he left his home before completing the 90-day term of home detention.  He has not returned to his home and has failed to notify his probation officer of this change in address as required.

Defendant's conduct falls into the category of a Grade C violation.  Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's criminal history category is III.  With a Grade C violation, defendant has an advisory guideline term of imprisonment of 5 to 11 months.  Under 18 U.S.C. § 3583, the statutory maximum to which defendant can be sentenced upon revocation is 24 months because the instant offense is a Class C felony.

18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment.  Defendant has been sentenced to a total of  13 months' imprisonment for pervious revocations; the court may reimpose a term of 23 months' supervised release (minus any term of imprisonment imposed for defendant's current violations).

3

Although defendant's violations may warrant revocation, the probation officer believes that defendant is making progress, particularly in working with Lyle Wyldes and recommends allowing defendant's term of supervised release to continue.  Given defendant's particularly difficult upbringing, these signs of cooperation and progress are something to be encouraged.  Adding a condition requiring placement in a residential reentry center will address his non-compliant behavior but at the same time, will give him more structure and a better chance of rehabilitating himself.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on April 9, 2014, is CONTINUED.  Defendant shall resume his participation in the Positive Attitude Development Program and complete it successfully.  In addition, I am modifying the conditions of defendant's supervision term to include the following condition for a residential reentry center placement at the Eau Claire County Jail Huber Program:

> Spend 180 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules.  Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence.  Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

I have reviewed the conditions of supervised release imposed at the time of original

4

sentencing on May 8, 2009 and find that the following non-mandatory conditions of supervised release are consistent with the sentencing factors set forth at 18 U.S.C. § 3553(a). They are reasonably related to the offense of conviction, the nature of non-compliance, and the personal history and characteristics of defendant:

1. Defendant is not to leave the judicial district without prior permission of the court or probation officer. This condition will help the probation officer monitor defendant's whereabouts and his compliance with conditions.

2. Defendant is to register with local law enforcement agencies and the state attorney general, as directed by the supervising United States Probation Officer.

3. Defendant is to report to the probation officer as directed by the court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer and follow the officer's instructions. The monthly report and the answers to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights. Like the first condition, this condition will help the probation officer monitor defendant's location, conduct and compliance with the conditions of his release.

4. Defendant shall support his lawful dependents to the extent he can. This condition reflects the research that shows that meeting family responsibilities reinforces a defendant's efforts toward rehabilitation.

5. Defendant shall work regularly at a lawful occupation unless excused by the

probation officer for schooling, training of other good reason. Research shows that stable employment encourages compliance with the law.

6. Defendant shall notify the probation officer within 72 hours of any change in his residence or employment.  Again, it is necessary for the probation officer to know where defendant is living and what his work situation is so as to monitor defendant's whereabouts and compliance with the conditions of release.

7.  Defendant shall not spend time with any persons he knows to be engaged in criminal activity or with any person he knows has been convicted of a felony unless he has been granted permission to do so by the probation officer.  This condition is intended to protect defendant and the community by heading off potential criminal activity by defendant; at the same time he is not barred from spending time with family members who are felons so long as he obtains permission.

8.  Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.  This condition is intended to alert the probation officer to any problems with the law that defendant is experiencing and to help protect defendant's safety and the safety of the community.

9.  Defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior permission of the court.  This condition is intended to protect defendant's safety.

10.  Defendant is to permit the probation officer to notify third parties of risks posed

6

by defendant's criminal history.

11-13. The following three conditions are imposed because defendant's original conviction was for the sale of cocaine base for profit and he has only a minimal employment history. They are intended to protect the community from any further criminal involvement by defendant in the sale and distribution of controlled substances by enabling the probation officer to monitor defendant's activities and financial affairs.

11. Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns, as well as information bearing on any requirement for defendant to file tax returns.

12. Not purchase, possess, use, distribute or administer any narcotic or other controlled substance or any paraphernalia related to such substances except as prescribed by a physician.

13. Abstain from the use of alcohol and illegal drugs and from association with persons he knows to be drug users or sellers and participate in substance abuse treatment. He shall not knowingly frequent places where controlled substances are illegally sold, distributed or administered. Defendant shall submit to drug testing within 15 days of his release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.

14. Defendant is to permit a probation officer to visit him at any reasonable time at home or elsewhere and shall permit confiscation of any contraband the officer observes in plain sight. In addition, he shall submit his person, property, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for

7

revocation; defendant shall warn other residents that the premises he is occupying may be subject to searches pursuant to this condition.  This condition is imposed to protect the public from further criminal activity engaged in by defendant.

15. Continue his participation in the Positive Attitude Development Program, to help change his behavior to more positive and social ends than those taught him by his family.

Entered this 26th day of  February, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge